ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 S First Street, Suite 613
San Jose, CA 95113
Tel:  408-292-1040
Fax:  408-416-0248
waqw@sbcglobal.net

Attorney for Plaintiffs
ABEL PORTILLO AND EDIEL LOPEZ

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEL PORTILLO and EDIEL LOPEZ<br><br>         Plaintiff,<br><br>    vs.<br><br>NADER SARNEVESLIT aka NADER SARNEVESHT doing business as PACIFICA CONSTRUCTION, BOBBY SARNEVESHT, and DOES 1-10<br><br>         Defendants | Case No:  C08-00190 JW<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>  1) Violation of California Labor Code Section 510;<br>  2) Violations of the Federal Fair Labor Standards Act;<br>  3) Violation of California Business and Professions Code Section 17200; and<br>  4) Violation of California Labor Code Section 201;<br>  5) Violation of California Labor Code Section 226; and<br>  6) Fraudulent Conveyance |

**NATURE OF CLAIM**

1. This is an action on behalf of ADEL PORTILLO ("PORTILLO") and EDIEL LOPEZ ("LOPEZ") who had been employed on a hourly basis by Defendants NADER SARNEVESLIT, also known as NADER SARNEVESHT, dba PACIFICA CONSTRUCTION, and DOES 1-10 (collectively, "PACIFICA CONSTRUCTION") during the two years prior to the filing of this Complaint, seeking damages arising from their employer's failure to pay overtime as required by the Fair Labor Standards Act and

the California Wage Orders and statutes. Plaintiffs seek compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.  Plaintiffs also allege fraudulent conveyance against BOBBY SARNEVESHT.

**PARTIES**

2. At all times relevant herein, Plaintiff PORTILLO is an individual resident of Milpitas, California.
3. At all times relevant herein, Plaintiff LOPEZ is an individual resident of San Jose, California.
4. At all times relevant herein, Defendant NADER SARNEVESLIT, also known as NADER SARNEVESHT is the owner of the sole proprietorship of the business called PACIFICA CONSTRUCTION, with its primary place of business in Los Gatos, California.
5. Individual Defendants NADER SARNEVESLIT, BOBBY SARNEVESHT, and DOES 1-10, at all times relevant herein, are, according to information and belief, owners, managers, directors, associates, related to, or employees of PACIFICA CONSTRUCTION having control over the Plaintiffs' work condition and work situation.

**GENERAL ALLEGATIONS**

6. At all times relevant herein, Plaintiffs were employees of Defendant PACIFICA CONSTRUCTION, a construction company doing business in Los Gatos, California.

7. Plaintiffs were, according to information and belief, employees of Defendant PACIFICA CONSTRUCTION acting in the normal course and scope of employment duties with Defendants.

8. During the course of Plaintiffs' employment with Defendant PACIFICA CONSTRUCTION, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

9. Plaintiffs were paid on an hourly basis.

10. Plaintiffs did not perform "exempt" duties in their positions as a construction worker with Defendants and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary job did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

11. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of PACIFICA CONSTRUCTION where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of PACIFICA CONSTRUCTION.

### COUNT ONE

### VIOLATION OF CA LABOR CODE SECTION §510

### FAILURE TO PROPERLY PAY OVERTIME WAGES

12. Plaintiffs re-allege and incorporate paragraphs 1-11 as if fully stated herein.

13. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

14. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however the Defendants knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

15. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

16. Defendants therefore owe Plaintiffs overtime wages not properly paid to Plaintiffs in an amount to be determined at trial.

17. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

18. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

19. Pursuant to Labor Code Section 1194(a), Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred by them in this action.

## COUNT TWO

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PROPERLY PAY OVERTIME WAGES

20. Plaintiffs re-allege and incorporate paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and

Case 5:08-cv-00190-JW    Document 6    Filed 06/04/2008    Page 5 of 10

Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

22. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although Plaintiffs were not so exempt during employment with Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

24. By not paying overtime wages in compliance with the FLSA, Defendants violated Plaintiffs' rights under the FLSA.

25. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

26. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

27. Defendants therefore owe Plaintiffs overtime not properly paid to Plaintiffs, in an amount to be determined at trial.

28. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

**COUNT THREE**

**VIOLAITON OF CA LABOR CODE SECTION 201**

**FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES**

29. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-28 as if fully stated herein.

30. At the time Plaintiffs' employment with Defendants was terminated, Defendants owed Plaintiffs certain unpaid overtime wages in amounts previously alleged.

31. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

32. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

33. Pursuant to Labor Code Section 218.5, Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

34. Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR

## VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200

## UNFAIR BUSINESS PRACTICES

35. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein.

36. At all times relevant herein, Plaintiffs' employment with Defendants were subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

37. At all times relevant herein, as the employer of Plaintiffs, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code §

§17000 et seq.), but failed to pay the Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

38. During the period Plaintiffs were employed with Defendants, Defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled, with Defendants keeping to themselves the amount which should have been paid to Plaintiffs.

39. In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

40. As a direct and proximate result of Defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an amount to be determined at trial.

41. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

42. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in an amount to be determined at trial.

**COUNT FIVE**

**VIOLATION OF CALIFORNIA LABOR CODE SECTION 226**

**INADEQUATE PAY STATEMENTS**

43. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-42 as if fully stated herein.

44. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

45. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

46. During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226.

47. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

48. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

49. Plaintiffs are therefore legally entitled to recover actual damages caused by Defendants' failure to provide proper records, in an amount to be determined at trial.

50. Plaintiffs have incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## COUNT SIX

## FRAUDULENT CONVEYANCE

51. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-50 as if fully stated herein.

52. According to information and belief, Defendant NADER SARNEVESLIT, dba PACIFICA CONSTRUCTION had engaged in a series of transactions, transferring its assets to Defendant, BOBBY SARNEVESHT without receiving proper consideration, and at the time of such transfer NADER SARNEVESLIT dba PACIFICA CONSTRUCTION was insolvent or was rendered insolvent as a result of such transfer.

53. Furthermore, according to information and belief, Defendant NADER SARNEVESLIT dba PACIFICA CONSTRUCTION transferred its assets to BOBBY SARNEVESHT with actual intent to hinder, delay, or defraud the Plaintiffs. As such, these transfers of assets constitute fraudulent conveyance under California Civil Code Section 3439.04 and 3439.05.

54. Plaintiffs are thus entitled to judgment setting aside the transfer or other appropriate remedies.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

55. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount to be determined;

56. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount to be determined at trial;

57. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

58. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in an amount to be determined at trial;

59. Damages and penalties for inadequate pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

60. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

61. Plaintiffs ask the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

62. For costs of suit herein; and

63. For such other and further relief as the Court may deem appropriate.

Dated:  June 3, 2008                                    By: /s/ Adam Wang  
                                                      Adam Wang  
                                                     Attorney for Plaintiffs