NORA ROUSSO, Bar No. 150275
JONATHAN JACKEL, Bar No. 129146
ROUSSO & JACKEL, INC.
116 E. Campbell Ave., Suite 1
Campbell, California 95008

Telephone: (408) 378-3200
Facsimile: (408) 378-3202

Attorney for Defendants
NADER SARNEVESHT, doing business as
PACIFICA CONSTRUCTION and BOBBY SARNEVESHT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADEL PORTILLO and EDIEL LOPEZ,

    Plaintiffs,

vs.

NADER SARNEVESHT, dba PACIFICA CONSTRUCTION, BOBBY SARNEVESHT and DOES 1 through 10,

    Defendants.

Case No. C08-00190 JW

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW defendants NADER SARNEVESHT, doing business as PACIFIC CONSTRUCTION, and BOBBY SARNEVESHT ("Defendants") and in answer to the First Amended Complaint for Damages ("complaint") filed by plaintiffs ADEL PORTILLO and EDIEL LOPEZ ("plaintiffs") hereby responds to each of the allegations contained in the following paragraphs of plaintiffs' Complaint.

**Response to Nature of Claim**

1. Defendants admit this action is on behalf of plaintiffs and that they are seeking damages against defendants for the causes of action alleged in their complaint. Defendants

deny all other allegations in this paragraph of the complaint.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained therein.

4. Defendants admit these allegations.

5. Defendants deny that defendant BOBBY SARNEVESHT is an owner, manager, director, associate or employee of PACIFICA CONSTRUCTION.

6. Defendants deny that plaintiffs were ever employed by PACIFICA CONSTRUCTION. They were independent contractors.

7. Defendants deny that plaintiffs were ever employed by PACIFICA CONSTRUCTION or that they acted "in the normal course and scope of employment duties with Defendants." They were independent contractors.

8. Defendants deny this allegation.

9. Defendants admit this allegation.

10. Defendants admit that plaintiffs were not responsible for management or administrative functions and that they were not required to exercise independent discretion and judgment more than fifty percent of their working time. Defendants deny that plaintiffs work was "non-exempt" since they were independent contractors.

11. Defendants admit this allegation.

**Response to Count One**

12. Defendants deny these allegations to the extent that they incorporate previous allegations that defendants deny.

13. California Labor Code Section 501 does not exist. The general rules for compensating employees for overtime are set forth in California Labor Code Section 510. Defendants deny that California Labor Code Section 510 applies to plaintiffs' work for PACIFICA CONSTRUCTION.

14. Defendants deny all of the allegations in this paragraph.

15. Defendants admit that employees can recover compensation for overtime in a civil action under California Labor Code Section 1194.

16. Defendants deny all of the allegations in this paragraph.

17. Defendants deny that they owe any money to plaintiffs. Plaintiffs have been paid for all of their work.

18. Defendants deny all of the allegations in this paragraph.

19. Defendants deny all of the allegations in this paragraph.

**Response to Count Two**

20. Defendants deny these allegations to the extent that they incorporate previous allegations that defendants deny.

21. Defendants deny all of the allegations in this paragraph.

22. Defendants admit that the FLSA sets forth overtime requirements. Defendants deny

the allegations in this paragraph to the extent it suggests or implies that the FLSA applies to plaintiffs' work.

23. Defendants deny all of the allegations in this paragraph.

24. Defendants deny all of the allegations in this paragraph.

25. Defendants deny all of the allegations in this paragraph.

26. Defendants deny all of the allegations in this paragraph.

27. Defendants deny all of the allegations in this paragraph.

28. Defendants deny all of the allegations in this paragraph.

**Response to Count Three**

29. Defendants deny these allegations to the extent that they incorporate previous allegations that defendants deny.

30. Defendants deny all of the allegations in this paragraph.

31. Defendants admit that a penalty can be imposed under California Labor Code Section 203 for not paying wages owed to an employee upon their termination. Defendants deny the allegations in this paragraph to the extent they suggest or imply that defendants are subject to a penalty under California Labor Code Section 203.

32. Defendants deny all of the allegations in this paragraph.

33. Defendants deny all of the allegations in this paragraph.

34. Defendants deny all of the allegations in this paragraph.

**Response to Count Four**

35. Defendants deny these allegations to the extent that they incorporate previous allegations that defendants deny.

36. Defendants deny all of the allegations in this paragraph.

37. Defendants deny all of the allegations in this paragraph.

38. Defendants deny all of the allegations in this paragraph.

39. Defendants deny all of the allegations in this paragraph.

40. Defendants deny all of the allegations in this paragraph.

41. Defendants deny all of the allegations in this paragraph.

42. Defendants deny all of the allegations in this paragraph.

**Response to Count Five**

43. Defendants deny these allegations to the extent that they incorporate previous allegations that defendants deny.

44. Defendants admit that California Labor Code Section 226 requires that certain information be contained in wage statements. Defendants deny the allegations in this paragraph to the extent that it suggests or implies that defendants were subject to these requirements.

45. Defendants deny that plaintiffs have a private right of action for violations of California Labor Code Section 226.

46. Defendants deny all of the allegations in this paragraph.

47. Defendants deny all of the allegations in this paragraph.

48. Defendants deny all of the allegations in this paragraph.

49. Defendants deny all of the allegations in this paragraph.

50. Defendants deny all of the allegations in this paragraph.

**Response to Count Six**

51. Defendants deny these allegations to the extent that they incorporate previous allegations that defendants deny.

52. Defendants deny all of the allegations in this paragraph.

53. Defendants deny all of the allegations in this paragraph.

54. Defendants deny all of the allegations in this paragraph.

**AFFIRMATIVE DEFENSES**

In further response to plaintiffs' First Amended Complaint, defendants allege the following affirmative defenses:

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE to the complaint, defendants allege that the complaint, and each count contained therein, fails to state facts sufficient to constitute a cause of action against these defendants.

2. AS AND FOR A SECOND AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs are estopped by their own acts and omissions from asserting the claims alleged therein.

3. AS AND FOR A THIRD AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims are barred by their own delay and inaction and by the doctrine of laches.

4. AS AND FOR A FOURTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs have not taken reasonable steps to prevent or otherwise mitigate the alleged damages, if any there be.

5. AS AND FOR A FIFTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims are barred by the doctrine of unclean hands.

6. AS AND FOR A SIXTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs have not been damaged in any sum or sums, whatsoever, by any act or omission performed by, or on behalf of these defendants.

7. AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE to the Complaint, defendants allege that any and all losses sustained by plaintiffs, if any there be, as a result of the occurrences complained of, were caused by the acts or omissions of plaintiffs and/or persons and/or entities other than these defendants.

8. AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims are barred by waiver.

9. AS AND FOR A NINTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims against defendant are uncertain.

10. AS AND FOR A TENTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that Plaintiff's claims are barred in whole or in part because Defendants were privileged and justified in acting as they did.

11. AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that at all times and places alleged in the Complaint, Defendants performed and discharged in good faith each and every obligation they owed, if any, to Plaintiffs.

12. AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims are barred in whole or in part because any alleged actions or omissions complained of by Defendants were consented to by Plaintiffs.

13. AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims are barred in whole or in part because any alleged obligations owed by Defendants to Plaintiffs were discharged.

14. AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiffs' claims are barred in whole or in part by virtue of the failure of Plaintiffs to perform their obligations to Defendants.

15. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether any other affirmative defenses are available. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiffs take nothing;

2. For an award of attorneys' fees and costs of this proceeding; and

3. For such other and further relief as the court deems proper.

**JURY DEMAND**

Defendants hereby demand a jury trial.

Dated:_____          _____
                                      JONATHAN JACKEL
                                      Attorney for Defendants