ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| ADEL PORTILLO and EDIEL LOPEZ<br><br>Plaintiff,<br><br>vs.<br>NADER SARNEVESLIT aka NADER SARNEVESHT doing business as PACIFICA CONSTRUCTION, BOBBY SARNEVESHT, and DOES 1-10<br><br>Defendants | Case No.: C08-190 JW<br><br>PLAINTIFFS' CASE MANAGEMENT STATEMENT |

Plaintiffs have provided Defendants a draft of this statement and invited them to supply their input. Plaintiffs have not received any feedback from Defendants, and thus proceed to file this Case Management Statement.

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiff' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

## 2. AMENDMENT OF PLEADINGS

There may be more employees to join the action. Further, Plaintiffs counsel has been informed that the primary Defendant Nader Sarnevesht does not have any assets to satisfy the judgment. According to Plaintiffs, employees had worked on several commercial and residential properties believed to be owned by his wife. Plaintiffs would amend the complaint to allege claims against the owners of the property Plaintiffs have worked on under California Labor Code which prohibits knowingly contacting workers for insufficient funds.

## 3. FACTS

Plaintiffs were employed by Nader Sarnevesht doing business as Pacifica Construction. Plaintiffs assert that they were required to work in excess of in excess of 8 hours a day or and 40 hours a week on regular basis, but were only paid "straight time" and not one and one half of regular rate.

Plaintiffs seek unpaid overtime wages under both FLSA and California Labor Code, premise pay for missed meal periods, "waiting time penalties" under California Labor Code § 203 for failure to pay employees all wages due at the time of termination. Plaintiffs also seek restitution under California Business and Professions Code § 17200.

The principal factual issues in dispute are:

1. Whether Plaintiffs worked any overtime;
2. Whether and to what extent Plaintiffs were not paid overtime;
3. Whether Defendant Bobby Sarnevesht is liable to Plaintiffs for money owed under the theory of fraudulent conveyance.

## 4. LEGAL ISSUES

None.

## 5. MOTIONS

Plaintiff anticipates the filing of the following motions:

(a) Plaintiffs' motion to amend to add potential new Plaintiffs and new defendants.

**6.    EVIDENCE PRESERVATION**

Plaintiffs have taken necessary steps to ensure the preservation of evidence relevant to this case.

**7.    DISCLOSURES**

Plaintiffs will serve Initial Disclosures no later than September 15, 2008.

**8.    DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.    CLASS ACTIONS**

N/A

**10.    RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    RELIEF**

Plaintiffs are yet to receive information and time cards from Defendants concerning Plaintiffs, and does not have sufficient information to ascertain the amount of damages.

**12.    SETTLEMENT AND ADR**

Plaintiffs agrees to participate in a Court sponsored mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs consent to proceed before a magistrate judge for a trial.

**14.    OTHER REFERENCES**

N/A.

**15.    NARROWING OF ISSUES**

N/A

**16.    EXPEDITED SCHEDULE**

N/A

**17.    SCHEDULING**

Plaintiffs submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)    Fact discovery cutoff on March 31, 2009;

(b)    Expert reports April 15, 2009;

(c)    Expert rebuttal reports April 30, 2009;

(d)    Expert Discovery Cutoff May 31, 2009;

(e)    Last day of hearing on dispositive motion on May 11, 2009;

(f)    Trial starts July 21, 2009

**18.    TRIAL**

Both parties have requested a jury trial. Plaintiffs expects trial to last 3-5 court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs has no person to disclose other than himself.

**20.    OTHER MATTERS**

N/A.

DATED: September 4, 2008

By: /s/ Adam Wang
    ADAM WANG
    Attorneys for Plaintiffs