*e-filed 12/16/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADEL PORTILLO and EDIEL LOPEZ, | No. C08-00190 HRL |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS'** |
| v. | **MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND SETTING CASE MANAGEMENT CONFERENCE** |
| NADER SARNEVESLIT aka NADER SARNEVESHT doing business as PACIFICA CONSTRUCTION, BOBBY SARNEVESHT, and DOES 1-10, | |
| Defendants. | |

Plaintiffs Abel Portillo and Ediel Lopez allege that they were employed by defendant Nader Sarneveslit (aka Nader Sarnevesht) doing business as Pacifica Construction. They claim that they were required to work in excess of 8 hours per day and 40 hours per week on a regular basis and were not compensated accordingly. They brought the instant lawsuit for alleged violations of the California Labor Code and Fair Labor Standards Act.

Plaintiffs now move for leave to file a Second Amended Complaint to add two new defendants, Javad Zolfaghari and Silicon Valley Center for Sports Medicine LLC, and a new claim. According to plaintiffs, the two would-be defendants and defendant Bobby Sarnevesht are owners of the properties plaintiffs worked on while employed by Pacifica Construction. As

1 such, plaintiffs contend, defendants are liable for unpaid wages under California Labor Code §
2 2810. Defendants oppose the motion.[1]

3 Rule 15(a) of the Federal Rules of Civil Procedure governs pre-trial motions for leave to
4 amend and provides that "[t]he court should freely give leave when justice so requires." FED.
5 R. CIV. P. 15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is
6 committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290
7 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the
8 opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or
9 creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong
10 showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in
11 favor of granting leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048,
12 1052 (9th Cir. 2003).

13 Defendants oppose the proposed amended pleading, on the grounds that such
14 amendment is futile. "[A] proposed amendment is futile only if no set of facts can be proved
15 under the amendment to the pleadings that would constitute a valid and sufficient claim or
16 defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Here, defendants
17 contend that, as a matter of law, plaintiffs will not be able to prove any violation of California
18 Labor Code § 2810.

19 California Labor Code § 2810 provides, in relevant part:

20 A person or entity may not enter into a contract or agreement for
labor or services with a construction, farm labor, garment, janitorial, or
21 security guard contractor, where the person or entity knows or should know
that the contract or agreement does not include funds sufficient to allow the
22 contractor to comply with all applicable local, state, and federal laws or
regulations governing the labor or services to be provided.
23

24 Cal. Labor Code § 2810(a).
25 To state a claim under California Labor Code § 2810, plaintiffs must allege that: (1) defendants
26 entered into (2) a contract or agreement for labor or services with a construction, farm labor,

27

28 [1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  garment, janitorial, or security guard contractor, and that (3) defendants knew or should have
2  known that the contract price for the labor or services would not sufficiently allow the
3  contractor to comply with all applicable law.

4  In essence, defendants contend that plaintiffs should not be permitted to amend their
5  complaint because they will never be able to prove the allegations. Defendants' argue that the
6  contract between Pacifica Construction, Bobby Sarnevesht and the newly-named defendants did
7  not have a set price.  Defendant Nader Sarnevesht has submitted a declaration in which he
8  attests that: (1) there was never a written contract between the parties for construction services;
9  and (2) there was never an agreement to provide construction services for a set amount.
10 Plaintiffs dispute these assertions.  Whether plaintiffs will be able to prove their claims remains
11 to be seen, and each side will have an opportunity to present its arguments on the evidence.  The
12 only issue in the present motion is whether plaintiffs should be permitted to amend their
13 pleading.  Defendant Nader Sarnevesht's contentions raise factual issues, not defects that would
14 subject plaintiff's claims to dismissal.  Accordingly, the court cannot conclude that plaintiffs'
15 proposed amended pleading will be futile.

16 Moreover, on the record presented, the court finds no bad faith.  Nor does it find that
17 amendment would impose any undue prejudice on defendants.  While it is true that discovery is
18 not yet underway and that no case schedule has been set, this court is hard pressed to say that
19 there has been no delay in this case.  However, neither side's conduct has been particularly
20 commendable, as both sides have inexcusably failed to appear for scheduled case management
21 conferences.[2]  This court finds no reason to deny plaintiffs' motion.

22 Based on the foregoing, IT IS ORDERED THAT plaintiffs' motion to amend is
23 GRANTED.  The amended complaint shall be filed within ten days of the date of this order**.**

---

[2] On October 21, 2008, this court ordered each side to pay $150.00 to the Clerk of the Court as a sanction for their failure to appear.  Defense counsel contacted the court on December 12, 2008, representing that they had paid the court-ordered sanctions. The docket does not reflect, nor has plaintiffs' counsel attested, that he has also paid the sanctions. This court takes a dim view of the failure to comply with direct orders.  Plaintiffs' counsel is again directed to pay $150.00 to the Clerk of the Court forthwith, and in any event, no later than 10 days from the date of this order.

3

1  The case management conference is re-set to January 27, 2009 at 1:30 pm.  The parties'
2 Joint Case Management Statement shall be filed no later than January 20, 2009.  All parties who
3 have not yet done so shall file either a consent or declination to proceed before a United States
4 Magistrate Judge no later than January 20, 2009.

6  **IT IS SO ORDERED.**

8 Dated: 12/16/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:08-cv-190 Notice has been electronically mailed to:**

Adam Wang waqw@sbcglobal.net

Jonathan Jackel jonathan@roussojackel.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.