*E-FILED 2/11/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADEL PORTILLO and EDIEL LOPEZ,<br><br>　　　　Plaintiffs,<br>　v.<br><br>NADER SARNEVESLIT aka NADER SARNEVESHT doing business as PACIFICA CONSTRUCTION, BOBBY SARNEVESHT, JAVAD ZOLFAGHARI, SILICON VALLEY CENTER FOR SPORTS MEDICINE LLC,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C08-00190 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS; AND (2) DENYING AS MOOT PLAINTIFFS' MOTION TO FILE ADDITIONAL BRIEFING**<br><br>[Re: Docket Nos. 35, 37, 44] |

　　　　Defendants Nader Sarneveslit (aka Nader Sarnevesht), dba Pacifica Construction, and Bobby Sarnevesht (collectively, the "Sarnevesht defendants") move to dismiss the Second Amended Complaint.[1] Plaintiffs oppose the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the matter suitable for determination without oral argument, and the February 17, 2009 hearing is vacated. Upon consideration of the moving and responding papers, the court grants the motion to dismiss plaintiffs' second claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. with leave to amend. Defendants' motion to dismiss plaintiffs' state law claims is granted, without prejudice to plaintiffs to replead them. Plaintiffs' motion for leave to file a sur-reply is denied as moot.

---

　　[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

## I. BACKGROUND

Plaintiffs Abel Portillo and Ediel Lopez allege that they were construction workers employed by defendant Nader Sarnevesht doing business as Pacifica Construction. They claim that they were required to work in excess of 8 hours per day and 40 hours per week on a regular basis and were not compensated accordingly. Their original complaint alleged violations of the California Labor Code and the Fair Labor Standards Act ("FLSA" or "Act"). They subsequently filed a First Amended Complaint adding defendant Bobby Sarnevesht and an additional state law claim for fraudulent conveyance. The court later granted plaintiffs' motion for leave to file a Second Amended Complaint ("SAC"). The SAC, filed several weeks ago, adds two new defendants – Javad Zolfaghari and Silicon Valley Center for Sports Medicine LLC[2] – as well a new claim alleging violation of California Labor Code § 2810.

The Sarnevesht defendants now move to dismiss the SAC on two grounds. First, pursuant to Fed. R. Civ. P. 12(b)(6), they argue that the SAC fails to allege sufficient facts showing that plaintiffs are entitled to protection under the FLSA. Second, in a separate motion filed pursuant to Fed. R. Civ. P. 12(b)(1), defendants seek dismissal of all state law claims on the ground that, absent a federal claim, this court cannot exercise supplemental jurisdiction over claims based solely on state law. Because disposition of defendants' second motion depends entirely upon determination of the first, the court focuses here on defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiffs' second claim for relief under the FLSA.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See id. at 699. "However, the court is not required to accept

---

[2] These defendants have not yet appeared, and there is no indication that they have been served.

2

1    legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably
2    be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th
3    Cir. 1994).  Nevertheless, the issue is not whether plaintiffs will ultimately prevail, but whether
4    they are entitled to offer evidence to support the claims asserted.  <u>Gilligan v. Jamco</u>
5    <u>Development Corp.</u>, 108 F.3d 246, 249 (9th Cir.1997).  Federal Rule of Civil Procedure 8(a)(2)
6    requires only "a short and plain statement of the claim showing that the pleader is entitled to
7    relief."  This means that the "[f]actual allegations must be enough to raise a right to relief above
8    the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, ---- - ----, 127 S.Ct.
9    1955, 1964-65, 167 L.Ed.2d 929 (2007) (citations omitted).  However, "a complaint attacked by
10   a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" and "heightened
11   fact pleading of specifics" is not required to survive a motion to dismiss. <u>Bell Atlantic Corp.</u>,
12   127 S.Ct. at 1964, 1973-74.  Rather, the complaint need only give "enough facts to state a claim
13   to relief that is plausible on its face." <u>Id</u>. at 1974; <u>see also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, ----,
14   127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citations omitted) (the complaint need only
15   "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

### III.  DISCUSSION

17        The FLSA protects employees who are "engaged in commerce" or "in the production of
18   goods for commerce."  29 U.S.C. §§ 206(a), 207(a)(1).  Defendants argue that the allegations of
19   the SAC merely identify plaintiffs as non-exempt construction workers who "were individual
20   employees covered by virtue of Plaintiffs' direct engagement in interstate commerce."  (SAC ¶
21   21).  Defendants contend that these allegations are insufficient to show that plaintiffs fall within
22   the ambit of the statute.  <u>See, e.g.</u>, <u>McDaniel v. Brown & Root, Inc.</u>, 172 F.2d 466, 471 (10th
23   Cir. 1949) (recognizing the "well settled" rule that employees engaged in the original
24   construction of a new building or facility are not within the coverage of the FLSA).  The court
25   sees no need to belabor this point because plaintiffs now acknowledge that "their individual
26   duties did not involve commerce."  (Opp. at 3).  Nevertheless, they contend that the SAC should
27   not be dismissed because the allegations are sufficient to show that they are entitled to seek
28

1  protection under the FLSA as employees of an "enterprise engaged in commerce." 29 U.S.C.
2  §§ 206(a), 207(a)(1).

3   Indeed, Congress amended the FLSA in 1961 such that the Act covers employees in two
4  ways: (1) individually, if they are "engaged in commerce or in the production of goods for
5  commerce"; or (2) through their employer, if they are "employed in an enterprise engaged in
6  commerce or in the production of goods for commerce." Zorich v. Long Beach Fire Dep't &
7  Ambulance Service, Inc., 118 F.3d 682, 684 (9th Cir. 1997).

8   In their reply, defendants assert that they did not have an "enterprise" within the
9  meaning of the FLSA because (a) they had no employees who were engaged in "commerce" or
10 the "production of goods for commerce" or who were "handling, selling or otherwise working
11 on goods" moved in or produced for "commerce"; and (b) defendants' "enterprise" cannot be
12 covered in any event because it was the "ultimate consumer" of "goods."[3]  This contention
13 prompted plaintiffs to seek leave to file a sur-reply as to the alleged limited application of this
14 so-called "ultimate consumer" defense. However, this court sees no need for any further
15 briefing. Defendants essentially contend that, in their view, dismissal without leave to amend is
16 warranted because any allegation as to the applicability of the FLSA would not be borne out by
17 the evidence. That may be, but it is not a ground for dismissal without leave to amend at the
18 pleading stage. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court
19 evaluates only whether plaintiffs' claims have been sufficiently pled, not whether plaintiffs will
20 ultimately succeed on the merits.

21  Here, as discussed above, the SAC merely alleges, in conclusory fashion, that plaintiffs
22 were individuals covered by the Act by virtue of their "direct engagement in interstate

---

[3] The FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(i)-(ii).
An "enterprise" can also be either (a) certain kinds of hospitals or schools or (b) one that is an activity of a public agency. 29 U.S.C. § 203(s)(1)(B), (C). Neither of these applies here.

4

commerce." (SAC ¶ 21). In view of plaintiffs' statement that their "individual duties did not involve commerce" (Opp. at 3), the allegations of the SAC are insufficient to show that they are covered by the FLSA. Nor are any facts alleged which would tend to support applicability of the FLSA under an "enterprise" theory.

Accordingly, defendants' motion to dismiss the FLSA claim is granted. Plaintiffs will be given leave to amend. However, they are cautioned that they should attempt to replead an FLSA claim only if there is a good faith basis for doing so based on a reasonable investigation and analysis of the facts and law. Plaintiffs have a continuing duty to dismiss the claim if it becomes apparent in the discovery process that it is not legally tenable under the circumstances.

The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims unless and until a federal claim is adequately pleaded. Accordingly, those claims are also dismissed, without prejudice to plaintiffs to include them in an amended complaint that adequately states a federal claim.

## IV.  ORDER

Based on the foregoing, IT IS ORDERED that defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss plaintiffs' second claim for relief is GRANTED WITH LEAVE TO AMEND. The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and dismisses those claims without prejudice under 28 U.S.C. § 1367. Plaintiffs' motion to file additional briefing on the instant motion is denied as moot.

Plaintiffs' amended complaint shall be filed within ten days of the date of this order.

Dated:  February 11, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:08-cv-190 Notice has been electronically mailed to:**

Adam Wang adamqwang@gmail.com, alpedersen@gmail.com

Jonathan Jackel jonathan@roussojackel.com

Nora Linda Rousso nora@roussojackel.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.